UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AMY C. SMITH, as Personal Representative and
Administratrix of the Estate of Nicholas A. Smith,
Deceased                                                                                                    PLAINTIFF


v.                                                                        CIVIL ACTION NO. 3:15-cv-00560-CRS


OLD DOMINION FREIGHT LINE, INC., ET AL                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Defendants move to file a third-party complaint against Davey Wright. Plaintiff does not oppose this motion.

Under Fed. R. Civ. P. 14, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Whether to grant leave to implead is within this Court's discretion and "is essentially a process of balancing the prejudices." *Kindred Healthcare, Inc. v. Homeland Ins. Co. of New York*, No. 3:15-CV-00433-CRS (W.D. Ky. Apr. 22, 2016) (internal citations and quotations omitted).

For example, "[T]he timeliness of the motion is an urgent factor governing the exercise of such discretion." *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). Courts should freely grant timely motions. *In re Yamaha Motor Corp. Rhino ATV Products Liab. Litig.*, No. 3:09-MD-2016-JBC (W.D. Ky. July 24, 2009). However, in balancing prejudices, some courts have taken into consideration whether granting the motion "would prejudice the plaintiff, unduly

complicate the trial, or would foster an obviously unmeritorious claim." *See, e.g.*, *id.* (internal citations and quotations omitted).

Defendants timely move to implead Wright, whose negligence, according to Defendants, resulted in the vehicle collision at issue in the present matter. At this early point in litigation, the balance of prejudices weighs in favor of granting Defendants' motion. Impleading Wright will not complicate issues for trial or prejudice Plaintiff, instead Wright's presence avoids potentially duplicative litigation.

The Court **GRANTS** Defendants' motion for leave to file a third-party complaint against Davey Wright. (DN 40)

The Court **ORDERS** Defendants' tendered third-party complaint **FILED** in the record of this action.

**IT IS ORDERED.**

July 8, 2016

Charles R. Simpson III, Senior Judge
United States District Court

2